UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
CASE NO.

SELEKA KERR,

     Plaintiff,

v.

TROPICAL REALTY & INVESTMENTS, INC.
d/b/a BERKSHIRE HATHAWAY, and
CAPSTONE TROPICAL HOLDINGS, INC.,

     Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SELEKA KERR ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendants, TROPICAL REALTY & INVESTMENTS, INC. d/b/a BERKSHIRE HATHAWAY, and CAPSTONE TROPICAL HOLDINGS, INC. (collectively, "Defendants"), and in support states as follows:

## GENERAL ALLEGATIONS

1. This action is brought pursuant to the Florida Civil Rights Act of 1992, Fla. Stat. § 760 et seq., Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981, to redress injuries suffered by Plaintiff as a result of Defendants' unlawful

1

discrimination, retaliation, and creation of a hostile work environment based on Plaintiff's race and color.

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343 because this action arises under the laws of the United States.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because those claims arise from the same case or controversy as the federal claims over which this Court has original jurisdiction.

4. Plaintiff was employed by Defendants at a facility located in Hillsborough County, Florida, within this judicial district.

5. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred within this District, and Defendants conduct business within this District.

6. Defendants are "employers" within the meaning of the Florida Civil Rights Act, Fla. Stat. § 760.02, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(b), and 42 U.S.C. § 1981, in that it employed fifteen (15) or more employees for each working day in each of twenty or more calendar weeks during the relevant period.

7. At all times material hereto, Defendants TROPICAL REALTY & INVESTMENTS, INC. d/b/a BERKSHIRE HATHAWAY and CAPSTONE TROPICAL HOLDINGS, INC. operated as a single, integrated, and/or joint employer of Plaintiff. The entities share common ownership, management, and operational control, share corporate offices at 7916 Evolutions Way, Suite 210, Trinity, Florida 34655, and share common officers and decision-makers, including Casey Bryan, who directed and controlled the terms and conditions of Plaintiff's employment. Accordingly, Defendants are jointly and severally liable for the acts and omissions alleged herein.

8. At all times material hereto, Plaintiff was an "employee" within the meaning of the Florida Civil Rights Act and applicable federal statutes.

9. Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 511-2025-04794, which was dually filed with the Florida Commission on Human Relations ("FCHR").

10. Plaintiff received a Notice of Right to Sue from the EEOC and timely files this action.

3

11. All conditions precedent for the filing of this action have been satisfied, including the exhaustion of all pertinent administrative procedures and remedies.

12. Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above, together with attorneys' fees, costs, and damages.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

13. Plaintiff began employment with Defendants on or about January 9, 2023, as an Assistant Market President.

14. Plaintiff is a member of a protected class based on race, as Plaintiff is Black.

15. During the first week of February 2023, Casey Bryan instructed that Plaintiff and Christy were not to be in the same office on the same days, resulting in Plaintiff working in the Riverview office on days Christy was in the Brandon office. As a result, no in-depth training for Plaintiff ever occurred.

16. Following the announcement of Plaintiff's promotion, significant upheaval occurred among top-producing agents, including Cheryl, Luz, and Paula. Christy spent time balancing both offices while

Plaintiff worked part-time in the role and continued selling in an effort to retain those agents and their production.

17. Despite these efforts, the agents left, including Cheryl and Paula, resulting in a loss of approximately $3 million in production.

18. In or around August 2023, Casey Bryan met with Christy and Plaintiff and acknowledged that having Christy lead two offices was a mistake. Discussions began regarding Plaintiff taking over the Riverview office.

19. During this time, Plaintiff disclosed prior earnings, and the salary for the position was presented along with representations regarding bonuses for recruiting and office performance.

20. In a separate conversation, Casey Bryan asked Christy whether Plaintiff was ready for the role, and Christy responded that Plaintiff had not been trained.

21. On or about September 1, 2023, Plaintiff was promoted to the position of Market President of the Riverview office.

22. At that time, remaining producing agents hired by Christy, including Dee Spence, Frank Rotger, and Christina Tinsley, transferred to the Brandon office, resulting in a loss of approximately $3.2 million in production.

23. Beginning in or around September 2023, Plaintiff participated in Friday coaching calls and was instructed to focus on recruiting new agents rather than experienced agents.

24. At the time Plaintiff assumed the role, there had been a total loss of approximately $14.6 million in production due to agents leaving, transferring, and Plaintiff's promotion.

25. Despite these losses, Defendants failed to implement a comprehensive plan to mitigate them and instead directed Plaintiff to make cold calls to recruit new agents.

26. On or about November 10, 2023, Plaintiff independently scheduled a recruiting session with Sue Gagne in Belleair, an experienced Market President known for successful recruiting, who provided Plaintiff with a tracking process and recruiting strategies.

27. During a December 2023 coaching call, Plaintiff questioned whether she should remain in the Market President role or return to being an agent.

28. Casey Bryan responded that Plaintiff's "highest and best use" was in the Market President position and emphasized Plaintiff's intelligence.

29. Plaintiff responded that being intelligent did not equate to excelling in unfamiliar tasks without training, and Casey Bryan did not respond.

30. On or about March 1, 2024, Plaintiff participated in her last weekly coaching call, after which such calls were discontinued without explanation.

31. In or around March 2024, Plaintiff asked Casey Bryan about the impact of demographics on recruiting and was told that demographics did not matter.

32. In or around April 2024, Plaintiff attended a financial meeting but had not been trained on how to generate or review the required reports necessary to perform effectively in the role.

33. On or about April 19, 2024, during a one-on-one financial meeting, Casey Bryan told Plaintiff, "You don't understand the urgency of NOW."

34. On or about April 29, 2024, during a managers' meeting, Casey Bryan announced an anticipated 40% reduction in the agent workforce, particularly affecting mid-quartile agents.

35. Defendants made adjustments to company fees and financial structures but did not adjust recruiting strategies or provide retention

planning, instead continuing to instruct Plaintiff to increase call volume.

36.  On or about May 1, 2024, Plaintiff consulted with Mark Johnson, Managing Partner of Recruiting Insight, who advised that recruiting should involve a comprehensive strategy consisting of multiple components.

37.  At a May 20, 2024 leadership meeting, Plaintiff raised these recommendations, and Casey Bryan responded, "I 100% disagree."

38.  On or about May 21, 2024, Plaintiff and Christy received an email from Casey Bryan imposing a 90-day moratorium on workplace communication between them, allegedly to improve recruiting results.

39.  This directive followed Plaintiff's challenge to Casey Bryan's strategy and effectively removed Plaintiff's primary support system.

40.  On or about June 26, 2024, Defendants, through its management, attributed Plaintiff's performance concerns to "imposter syndrome," rather than addressing the lack of training and support.

41. On or about June 27, 2024, Casey Bryan visited the Riverview office with the stated goal of placing recruiting appointments on Plaintiff's calendar and demonstrating how to successfully conduct recruiting calls. However, Casey Bryan did not make a single phone call during

this visit. Instead of modeling recruiting calls as intended, Casey Bryan observed Plaintiff making calls and provided only general feedback. Upon information and belief, Casey Bryan had previously modeled recruiting calls and successfully filled the calendar of a similarly situated non-Black employee, specifically a white male named Brock Owens, but failed to provide the same level of support or demonstration to Plaintiff.

42.    During this visit, Casey Bryan acknowledged that Plaintiff performed other aspects of the job well but needed to improve recruiting numbers.

43.    On or about July 26, 2024, during a one-on-one financial meeting, Plaintiff informed Casey Bryan that if she knew what actions would improve recruiting results, she would take them.

44.    During this discussion, Casey Bryan again characterized Plaintiff's concerns as "imposter syndrome."

45.    In or around September 2024, Plaintiff raised concerns to Casey Bryan regarding the lack of training, support, and resources, particularly in comparison to other similarly situated employees who had been promoted and received such support.

46. Casey Bryan responded that she was offended and listed resources previously provided, to which Plaintiff explained that providing resources was not equivalent to training and that Plaintiff had not been taught the reasoning behind directives.

47. In or around October 2024, Plaintiff met with Casey Bryan and Defendants' owners to discuss these concerns.

48. During this meeting, Defendants' owners acknowledged that Plaintiff's situation was unusual and admitted that Defendants had failed to provide Plaintiff with the necessary support and training.

49. Prior to this meeting, one of the owners, Allen S. Crumbley, stated to Plaintiff that Defendants had financially harmed Plaintiff by placing her in the Market President role without adequate support, as the compensation was lower than Plaintiff's prior earnings.

50. On or about October 18, 2024, Casey Bryan sent Plaintiff a message with Riverview's financial data stating, "We have to get a plan quick, or we will take another $100k loss."

51. When Plaintiff asked what actions were required, Casey Bryan responded, "I will let you answer that one."

52. Plaintiff responded that she did not know what to do due to lack of training and expressed that she felt like a failure despite her abilities.

53. Defendants tracked and shared weekly recruiting performance metrics among Market Presidents using a color-coded system. According to these reports, Plaintiff was the only Market President identified in the "yellow" category, while most other Market Presidents were in the "red" category, indicating lower performance. Despite this, those similarly situated non-Black Market Presidents were retained, while Plaintiff was terminated. During a meeting with Defendants' owners and Casey Bryan, Plaintiff raised this discrepancy and asked whether the other Market Presidents in the "red" category were also subject to discipline or termination. The owners acknowledged that Plaintiff made a valid point but failed to provide a direct response.

54. In or around October and November 2024, Plaintiff independently consulted with multiple business leaders and real estate professionals to better understand the Riverview market and identify strategies for success.

55. These professionals advised that the Riverview market required relationship-based engagement, community involvement, and tailored strategies rather than transactional or cold-calling approaches.

56. Despite acknowledging failures in training and support, Defendants did not take corrective action to provide Plaintiff with the necessary resources.

57. Plaintiff continued to perform her job duties under these conditions without adequate training or support.

58. On or about January 9, 2025, Defendants, through Casey Bryan, issued Plaintiff a written offer demoting her from the full-time, exempt position of Market President to the part-time, non-exempt position of "Market President Liaison." The demotion reduced Plaintiff's scheduled hours to an average of thirty (30) hours per week, eliminated her eligibility for bonus compensation, and restricted her reimbursement for company expenses, while maintaining a base salary of $75,000. The demotion was offered on letterhead of Capstone Tropical Holdings, Inc., further reflecting the integrated operation of Defendants.

59. Following the demotion, Plaintiff was directed to train her own replacement, a white male hired to assume the Market President duties Plaintiff had been performing. Plaintiff trained her replacement in January 2025 and was terminated shortly thereafter.

60.    On or about March 27, 2025, Defendants terminated Plaintiff's employment, citing lack of production.

61. Throughout Plaintiff's employment she was able to perform the essential functions of her job duties and responsibilities, and at all relevant times Plaintiff did perform her job at satisfactory or above-satisfactory levels.

62.    Any reason proffered by Defendants for the adverse employment actions is mere pretext for unlawful discrimination.

63.    Plaintiff has retained the undersigned counsel so that her rights and interests may be protected and thus has become obligated to pay the undersigned a reasonable attorney's fee.

## COUNT I
### Race Discrimination in Violation of the Florida Civil Rights Act
### against TROPICAL REALTY & INVESTMENTS, INC. d/b/a BERKSHIRE HATHAWAY

64.    Plaintiff reincorporates paragraphs 1 through 63 as if fully set forth herein.

65.    The applicable statute, Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 et seq., prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon racial classifications, racial considerations, or color-based reasons.

13

66. Plaintiff was qualified for her position with Defendant.

67. Defendant treated Plaintiff less favorably than similarly situated non-Black employees by intentionally denying her the training, support, guidance, and resources in the Market President role that those comparators received. Other new non-Black Market Presidents were assigned mentors and scheduled to spend a week in offices with experienced Market Presidents to observe and receive hands-on training. Defendant did not provide Plaintiff a mentor or an opportunity to shadow experienced Market Presidents. Instead, Casey Bryan specifically instructed Plaintiff not to be in the same office as Christy Morgan, further limiting Plaintiff's ability to receive training and support. Plaintiff repeatedly complained to management regarding the lack of training, support, and unequal treatment, thereby engaging in statutorily protected activity. Following these complaints, Defendant failed to remedy the disparities and instead continued to withhold support and ultimately terminated Plaintiff. The temporal proximity and sequence of events establish a clear causal connection between Plaintiff's protected activity and the adverse employment actions taken against her.

68.   As a direct and proximate result of Defendant's unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses.

69.   Defendant's unlawful conduct has forced Plaintiff to file this action and incur the costs of litigation.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant TROPICAL REALTY & INVESTMENTS, INC. d/b/a BERKSHIRE HATHAWAY; find that Defendant violated the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 et seq. by discriminating against Plaintiff on the basis of race; and order the following relief:

A. Award the Plaintiff actual damages, including appropriate amounts of back pay, front pay, and lost benefits; and

B. Award Plaintiff as to this count prejudgment interest; and

C. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

D. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to State Law including punitive damages.

E. Plaintiff demands a trial by jury.

## COUNT II
Race Discrimination in Violation of the Florida Civil Rights Act

against CAPSTONE TROPICAL HOLDINGS, INC.

70.    Plaintiff reincorporates paragraphs 1 through 63 as if fully set forth herein.

71. The applicable statute, Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 et seq., prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon racial classifications, racial considerations, or color-based reasons.

72.    Plaintiff was qualified for her position with Defendant.

73.    Defendant treated Plaintiff less favorably than similarly situated non-Black employees by intentionally denying her the training, support, guidance, and resources in the Market President role that those comparators received. Other new non-Black Market Presidents were assigned mentors and scheduled to spend a week in offices with experienced Market Presidents to observe and receive hands-on training. Defendant did not provide Plaintiff a mentor or an opportunity to shadow experienced Market Presidents. Instead, Casey Bryan specifically instructed Plaintiff not to be in the same office as Christy Morgan, further limiting Plaintiff's ability to receive training and support. Plaintiff repeatedly complained to management

16

regarding the lack of training, support, and unequal treatment, thereby engaging in statutorily protected activity. Following these complaints, Defendant failed to remedy the disparities and instead continued to withhold support and ultimately terminated Plaintiff. The temporal proximity and sequence of events establish a clear causal connection between Plaintiff's protected activity and the adverse employment actions taken against her.

74. As a direct and proximate result of Defendant's unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses.

75. Defendant's unlawful conduct has forced Plaintiff to file this action and incur the costs of litigation.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant CAPSTONE TROPICAL HOLDINGS, INC.; find that Defendant violated the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 et seq. by discriminating against Plaintiff on the basis of race; and order the following relief:

A. Award the Plaintiff actual damages, including appropriate amounts of back pay, front pay, and lost benefits; and

B. Award Plaintiff as to this count prejudgment interest; and

17

C. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

D. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to State Law including punitive damages.

E. Plaintiff demands a trial by jury.

## COUNT III
### Color Discrimination in Violation of the Florida Civil Rights Act
### against TROPICAL REALTY & INVESTMENTS, INC. d/b/a BERKSHIRE HATHAWAY

76.    Plaintiff reincorporates paragraphs 1 through 63 as if fully set forth herein.

77. The applicable statute, Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 et seq., prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon racial classifications, racial considerations, or color-based reasons.

78.    Plaintiff was qualified for her position with Defendant.

79.    Defendant treated Plaintiff less favorably than similarly situated lighter-skinned employees by intentionally denying her the training, support, guidance, and resources in the Market President role that those comparators received. Other new lighter-skinned Market

18

Presidents were assigned mentors and scheduled to spend a week in offices with experienced Market Presidents to observe and receive hands-on training. Defendant did not provide Plaintiff a mentor or an opportunity to shadow experienced Market Presidents. Instead, Casey Bryan specifically instructed Plaintiff not to be in the same office as Christy Morgan, further limiting Plaintiff's ability to receive training and support. Plaintiff repeatedly complained to management regarding the lack of training, support, and unequal treatment, thereby engaging in statutorily protected activity. Following these complaints, Defendant failed to remedy the disparities and instead continued to withhold support and ultimately terminated Plaintiff. The temporal proximity and sequence of events establish a clear causal connection between Plaintiff's protected activity and the adverse employment actions taken against her.

80. As a direct and proximate result of Defendant's unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses.

81. Defendant's unlawful conduct has forced Plaintiff to file this action and incur the costs of litigation.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant TROPICAL REALTY & INVESTMENTS, INC. d/b/a BERKSHIRE HATHAWAY; find that Defendant violated the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 et seq. by discriminating against Plaintiff on the basis of color; and order the following relief:

F.  Award the Plaintiff actual damages, including appropriate amounts of back pay, front pay, and lost benefits; and

G.  Award Plaintiff as to this count prejudgment interest; and

H.  Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

I.  Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to State Law including punitive damages.

J.  Plaintiff demands a trial by jury.

## COUNT IV
### Color Discrimination in Violation of the Florida Civil Rights Act against CAPSTONE TROPICAL HOLDINGS, INC.

82.    Plaintiff reincorporates paragraphs 1 through 63 as if fully set forth herein.

83.    The applicable statute, Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 et seq., prohibits an employer from making employment

20

decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon racial classifications, racial considerations, or color-based reasons.

84. Plaintiff was qualified for her position with Defendant.

85. Defendant treated Plaintiff less favorably than similarly situated lighter-skinned employees by intentionally denying her the training, support, guidance, and resources in the Market President role that those comparators received. Other new lighter-skinned Market Presidents were assigned mentors and scheduled to spend a week in offices with experienced Market Presidents to observe and receive hands-on training. Defendant did not provide Plaintiff a mentor or an opportunity to shadow experienced Market Presidents. Instead, Casey Bryan specifically instructed Plaintiff not to be in the same office as Christy Morgan, further limiting Plaintiff's ability to receive training and support. Plaintiff repeatedly complained to management regarding the lack of training, support, and unequal treatment, thereby engaging in statutorily protected activity. Following these complaints, Defendant failed to remedy the disparities and instead continued to withhold support and ultimately terminated Plaintiff. The temporal proximity and sequence of events establish a clear causal connection

between Plaintiff's protected activity and the adverse employment actions taken against her.

86.   As a direct and proximate result of Defendant's unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses.

87.   Defendant's unlawful conduct has forced Plaintiff to file this action and incur the costs of litigation.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant CAPSTONE TROPICAL HOLDINGS, INC.; find that Defendant violated the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 et seq. by discriminating against Plaintiff on the basis of color; and order the following relief:

F.  Award the Plaintiff actual damages, including appropriate amounts of back pay, front pay, and lost benefits; and

G. Award Plaintiff as to this count prejudgment interest; and

H. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

I.  Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to State Law including punitive damages.

22

J. Plaintiff demands a trial by jury.

## COUNT V
### Retaliation in Violation of the Florida Civil Rights Act
### against TROPICAL REALTY & INVESTMENTS, INC. d/b/a BERKSHIRE HATHAWAY

88. Plaintiff reincorporates paragraphs 1 through 63 as if fully set forth herein.

89. Defendant is an employer within the meaning of the applicable statutes.

90. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff engaged in a statutorily protected activity under the Florida Civil Rights Act of 1992, Fla. Stat. § 760 et seq.

91. Defendant's acts were intentional.

92. Plaintiff is a member of a protected class based on race (Black) and also engaged in statutorily protected activity by repeatedly complaining to Defendant's management regarding the lack of training, support, and unequal treatment compared to similarly situated non-Black employees. Defendant thereafter took adverse employment actions against Plaintiff, including continued denial of necessary resources and ultimately termination. There is a clear causal connection between Plaintiff's protected activity, including her complaints to Defendant, and the adverse employment action taken

against her, as evidenced by Defendant's failure to address her concerns and its continued disparate treatment culminating in her termination.

93. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

94. These damages are continuing and are permanent.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant TROPICAL REALTY & INVESTMENTS, INC. d/b/a BERKSHIRE HATHAWAY; find that Defendant violated the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 et seq. by retaliating against Plaintiff for engaging in protected activity; and order the following relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act.

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

C. Grant a permanent injunction enjoining the Defendant, their officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

E. Reinstate full fringe benefits and seniority rights to Plaintiff.

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

G. For a money judgment representing prejudgment interest.

H. Grant Plaintiff's costs of this action including reasonable attorney's fees.

I. Grant Plaintiff a trial by jury; and

J. Grant such other and further relief as the Court deems just and proper.

## COUNT VI
### Retaliation in Violation of the Florida Civil Rights Act
### against CAPSTONE TROPICAL HOLDINGS, INC.

95. Plaintiff reincorporates paragraphs 1 through 63 as if fully set forth herein.

96.    Defendant is an employer within the meaning of the applicable statutes.

97.    The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff engaged in a statutorily protected activity under the Florida Civil Rights Act of 1992, Fla. Stat. § 760 et seq.

98.    Defendant's acts were intentional.

99.    Plaintiff is a member of a protected class based on race (Black) and also engaged in statutorily protected activity by repeatedly complaining to Defendant's management regarding the lack of training, support, and unequal treatment compared to similarly situated non-Black employees. Defendant thereafter took adverse employment actions against Plaintiff, including continued denial of necessary resources and ultimately termination. There is a clear causal connection between Plaintiff's protected activity, including her complaints to Defendant, and the adverse employment action taken against her, as evidenced by Defendant's failure to address her concerns and its continued disparate treatment culminating in her termination.

100.    As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress,

26

expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

101. These damages are continuing and are permanent.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant CAPSTONE TROPICAL HOLDINGS, INC.; find that Defendant violated the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 et seq. by retaliating against Plaintiff for engaging in protected activity; and order the following relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act.

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

C. Grant a permanent injunction enjoining the Defendant, their officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

E. Reinstate full fringe benefits and seniority rights to Plaintiff.

27

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

G. For a money judgment representing prejudgment interest.

H. Grant Plaintiff's costs of this action including reasonable attorney's fees.

I. Grant Plaintiff a trial by jury; and

J. Grant such other and further relief as the Court deems just and proper.

### COUNT VII
Hostile Work Environment in Violation of the Florida Civil Rights Act against TROPICAL REALTY & INVESTMENTS, INC. d/b/a BERKSHIRE HATHAWAY

102. Plaintiff reincorporates paragraphs 1 through 63 as if fully set forth herein.

103. Defendant is an employer within the meaning of the applicable statutes.

104. The foregoing allegations establish a cause of action for unlawful discrimination adversely affecting Plaintiff under the Florida Civil Rights Act of 1992, Fla. Stat. § 760 et seq.

105. Plaintiff, as a Black individual, is within a protected class as envisioned by the Florida Civil Rights Act of 1992, Fla. Stat. § 760 et seq.

106. During her employment with Defendant, Defendant subjected Plaintiff to unwelcome harassment.

107. The harassment Plaintiff endured was predicated on Plaintiff's race, a protected class under the Florida Civil Rights Act of 1992, Fla. Stat. § 760 et seq.

108. The harassment was decidedly severe, as Defendant continuously harassed Plaintiff because of her race.

109. The discriminatory and hostile treatment Plaintiff endured was severe and pervasive, as Plaintiff was consistently denied training, support, and resources necessary to perform her role, while being held to performance standards she was not equipped to meet. This conduct occurred throughout Plaintiff's tenure as Market President, was ongoing and not isolated, and created a work environment in which Plaintiff was set up to fail. As a result of this treatment, Plaintiff experienced significant stress and difficulty performing her duties in a timely and effective manner. Ultimately, the conditions of Plaintiff's

employment were materially altered and culminated in Plaintiff's termination on or about March 27, 2025.

110.    Defendant is liable for this conduct, either vicariously or directly, because Plaintiff's supervisor had knowledge of the harassment and abuse, and no remedial or disciplinary action was undertaken.

111.    As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

112.    These damages are continuing and are permanent.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant TROPICAL REALTY & INVESTMENTS, INC. d/b/a BERKSHIRE HATHAWAY; find that Defendant violated the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 et seq. by subjecting Plaintiff to a hostile work environment; and order the following relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act.

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

30

C. Grant a permanent injunction enjoining the Defendant, their officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

E. Reinstate full fringe benefits and seniority rights to Plaintiff.

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

G. For a money judgment representing prejudgment interest.

H. Grant Plaintiff's costs of this action including reasonable attorney's fees.

I. Grant Plaintiff a trial by jury; and

J. Grant such other and further relief as the Court deems just and proper.

## COUNT VIII
### Hostile Work Environment in Violation of the Florida Civil Rights Act against CAPSTONE TROPICAL HOLDINGS, INC.

113. Plaintiff reincorporates paragraphs 1 through 63 as if fully set forth herein.

114. Defendant is an employer within the meaning of the applicable statutes.

115. The foregoing allegations establish a cause of action for unlawful discrimination adversely affecting Plaintiff under the Florida Civil Rights Act of 1992, Fla. Stat. § 760 et seq.

116. Plaintiff, as a Black individual, is within a protected class as envisioned by the Florida Civil Rights Act of 1992, Fla. Stat. § 760 et seq.

117. During her employment with Defendant, Defendant subjected Plaintiff to unwelcome harassment.

118. The harassment Plaintiff endured was predicated on Plaintiff's race, a protected class under the Florida Civil Rights Act of 1992, Fla. Stat. § 760 et seq.

119. The harassment was decidedly severe, as Defendant continuously harassed Plaintiff because of her race.

120. The discriminatory and hostile treatment Plaintiff endured was severe and pervasive, as Plaintiff was consistently denied training, support, and resources necessary to perform her role, while being held to performance standards she was not equipped to meet. This conduct occurred throughout Plaintiff's tenure as Market President, was

32

ongoing and not isolated, and created a work environment in which Plaintiff was set up to fail. As a result of this treatment, Plaintiff experienced significant stress and difficulty performing her duties in a timely and effective manner. Ultimately, the conditions of Plaintiff's employment were materially altered and culminated in Plaintiff's termination on or about March 27, 2025.

121. Defendant is liable for this conduct, either vicariously or directly, because Plaintiff's supervisor had knowledge of the harassment and abuse, and no remedial or disciplinary action was undertaken.

122. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

123. These damages are continuing and are permanent.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant CAPSTONE TROPICAL HOLDINGS, INC.; find that Defendant violated the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 et seq. by subjecting Plaintiff to a hostile work environment; and order the following relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act.

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

C. Grant a permanent injunction enjoining the Defendant, their officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

E. Reinstate full fringe benefits and seniority rights to Plaintiff.

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

G. For a money judgment representing prejudgment interest.

H. Grant Plaintiff's costs of this action including reasonable attorney's fees.

I. Grant Plaintiff a trial by jury; and

J. Grant such other and further relief as the Court deems just and proper.

COUNT IX
Race Discrimination in Violation of 42 U.S.C. § 1981
against TROPICAL REALTY & INVESTMENTS, INC. d/b/a BERKSHIRE
HATHAWAY

124. Plaintiff reincorporates paragraphs 1 through 63 as if fully set forth herein.

125. Plaintiff is a member of a protected class under 42 U.S.C. § 1981.

126. By the conduct describe above, Defendant have engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to race-based animosity.

127. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Black.

128. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

129. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

130. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

131. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

132. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

133. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

134. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

135.   So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorney's Fees Award Act.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant TROPICAL REALTY & INVESTMENTS, INC. d/b/a BERKSHIRE HATHAWAY; find that Defendant violated 42 U.S.C. § 1981 by discriminating against Plaintiff on the basis of race; and order the following relief:

A. Adjudge and decree that Defendant have violated 42 U.S.C. § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights.

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein.

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life.

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not

37

been discriminated against by Defendant, or in lieu of reinstatement, award front pay.

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT X
### Race Discrimination in Violation of 42 U.S.C. § 1981 against CAPSTONE TROPICAL HOLDINGS, INC.

136. Plaintiff reincorporates paragraphs 1 through 63 as if fully set forth herein.

137. Plaintiff is a member of a protected class under 42 U.S.C. § 1981.

138. By the conduct describe above, Defendant have engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to race-based animosity.

139. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Black.

140. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

141. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

142. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

143. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

144. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

145. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant

to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

146. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

147. So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorney's Fees Award Act.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant CAPSTONE TROPICAL HOLDINGS, INC.; find that Defendant violated 42 U.S.C. § 1981 by discriminating against Plaintiff on the basis of race; and order the following relief:

A. Adjudge and decree that Defendant have violated 42 U.S.C. § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights.

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein.

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life.

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay.

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

COUNT XI
Retaliation in Violation of 42 U.S.C. § 1981
against TROPICAL REALTY & INVESTMENTS, INC. d/b/a BERKSHIRE HATHAWAY

148. Plaintiff reincorporates paragraphs 1 through 63 as if fully set forth herein.

149. Plaintiff is a member of a protected class under 42 U.S.C. § 1981.

150. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under 42 U.S.C. § 1981.

151. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory

41

personnel were aware that discrimination on the basis of race and color was unlawful but acted in reckless disregard of the law.

152. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

153. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

154. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

155. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

156.    So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorney's Fees Award Act.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant TROPICAL REALTY & INVESTMENTS, INC. d/b/a BERKSHIRE HATHAWAY; find that Defendant violated 42 U.S.C. § 1981 by retaliating against Plaintiff for engaging in protected activity; and order the following relief:

A. Adjudge and decree that Defendant have violated 42 U.S.C. § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights.

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein.

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life.

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not

been discriminated against by Defendant, or in lieu of reinstatement, award front pay.

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees.

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT XII
### Retaliation in Violation of 42 U.S.C. § 1981
### against CAPSTONE TROPICAL HOLDINGS, INC.

157. Plaintiff reincorporates paragraphs 1 through 63 as if fully set forth herein.

158. Plaintiff is a member of a protected class under 42 U.S.C. § 1981.

159. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under 42 U.S.C. § 1981.

160. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race and color was unlawful but acted in reckless disregard of the law.

161. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

44

162. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

163. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

164. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

165. So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorney's Fees Award Act.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant CAPSTONE TROPICAL HOLDINGS, INC.; find that Defendant violated 42 U.S.C. § 1981 by retaliating against Plaintiff for engaging in protected activity; and order the following relief:

A. Adjudge and decree that Defendant have violated 42 U.S.C. § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights.

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein.

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life.

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay.

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees.

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT XIII
### Hostile Work Environment in Violation of 42 U.S.C. § 1981
### against TROPICAL REALTY & INVESTMENTS, INC. d/b/a BERKSHIRE HATHAWAY

166. Plaintiff reincorporates paragraphs 1 through 63 as if fully set forth herein.

167. Defendant is an employer within the meaning of the applicable statutes.

168. The foregoing allegations establish a cause of action for unlawful discrimination adversely affecting Plaintiff under 42 U.S.C. § 1981.

169. Plaintiff, as a Black individual, is within a protected class as envisioned by 42 U.S.C. § 1981.

170. During her employment with Defendant, Defendant subjected Plaintiff to unwelcome harassment.

171. The harassment Plaintiff endured was predicated on Plaintiff's race, a protected class under 42 U.S.C. § 1981.

172. The harassment was decidedly severe, as Defendant had continuously harassed Plaintiff for her race.

173. The discriminatory and hostile treatment Plaintiff endured was severe and pervasive, as Plaintiff was consistently denied training, support, and resources necessary to perform her role, while being held to performance standards she was not equipped to meet. This conduct

occurred throughout Plaintiff's tenure as Market President, was ongoing and not isolated, and created a work environment in which Plaintiff was set up to fail. As a result of this treatment, Plaintiff experienced significant stress and difficulty performing her duties in a timely and effective manner. Ultimately, the conditions of Plaintiff's employment were materially altered and culminated in Plaintiff's termination on or about March 27, 2025.

174. Defendant is liable for this conduct, either vicariously or directly, because Plaintiff's supervisor had knowledge of the harassment and abuse, and no remedial or disciplinary action was undertaken.

175. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

176. These damages are continuing and are permanent.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant TROPICAL REALTY & INVESTMENTS, INC. d/b/a BERKSHIRE HATHAWAY; find that Defendant violated

42 U.S.C. § 1981 by subjecting Plaintiff to a hostile work environment; and order the following relief:

A. Declare that the acts complained of herein are in violation of the Civil Rights Act of 1866, 42 U.S.C. §1981 ("§ 1981").

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

C. Grant a permanent injunction enjoining the Defendant, their officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

E. Reinstate full fringe benefits and seniority rights to Plaintiff.

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

G. For a money judgment representing prejudgment interest.

H. Grant Plaintiff's costs of this action including reasonable attorney's fees.

I. Grant Plaintiff a trial by jury; and

49

J. Grant such other and further relief as the Court deems just and proper.

## COUNT XIV
Hostile Work Environment in Violation of 42 U.S.C. § 1981
against CAPSTONE TROPICAL HOLDINGS, INC.

177. Plaintiff reincorporates paragraphs 1 through 63 as if fully set forth herein.

178. Defendant is an employer within the meaning of the applicable statutes.

179. The foregoing allegations establish a cause of action for unlawful discrimination adversely affecting Plaintiff under 42 U.S.C. § 1981.

180. Plaintiff, as a Black individual, is within a protected class as envisioned by 42 U.S.C. § 1981.

181. During her employment with Defendant, Defendant subjected Plaintiff to unwelcome harassment.

182. The harassment Plaintiff endured was predicated on Plaintiff's race, a protected class under 42 U.S.C. § 1981.

183. The harassment was decidedly severe, as Defendant had continuously harassed Plaintiff for her race.

184.   The discriminatory and hostile treatment Plaintiff endured was severe and pervasive, as Plaintiff was consistently denied training, support, and resources necessary to perform her role, while being held to performance standards she was not equipped to meet. This conduct occurred throughout Plaintiff's tenure as Market President, was ongoing and not isolated, and created a work environment in which Plaintiff was set up to fail. As a result of this treatment, Plaintiff experienced significant stress and difficulty performing her duties in a timely and effective manner. Ultimately, the conditions of Plaintiff's employment were materially altered and culminated in Plaintiff's termination on or about March 27, 2025.

185.   Defendant is liable for this conduct, either vicariously or directly, because Plaintiff's supervisor had knowledge of the harassment and abuse, and no remedial or disciplinary action was undertaken.

186.   As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

187.   These damages are continuing and are permanent.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant CAPSTONE TROPICAL HOLDINGS, INC.; find that Defendant violated 42 U.S.C. § 1981 by subjecting Plaintiff to a hostile work environment; and order the following relief:

A. Declare that the acts complained of herein are in violation of the Civil Rights Act of 1866, 42 U.S.C. §1981 ("§ 1981").

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

C. Grant a permanent injunction enjoining the Defendant, their officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

E. Reinstate full fringe benefits and seniority rights to Plaintiff.

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

G. For a money judgment representing prejudgment interest.

H. Grant Plaintiff's costs of this action including reasonable attorney's fees.

I. Grant Plaintiff a trial by jury; and

J. Grant such other and further relief as the Court deems just and proper.

## COUNT XV
### Race Discrimination in Violation of Title VII of the Civil Rights Act of 1964 against TROPICAL REALTY & INVESTMENTS, INC. d/b/a BERKSHIRE HATHAWAY

188. Plaintiff reincorporates paragraphs 1 through 63 and states:

189. At all times material hereto, the Employer/Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify her employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect her status as an employee, because of such individual's race, color,

religion, sex, or national origin."

190.    The discrimination of Plaintiff by Defendant were caused by Defendant being aware of Plaintiff's race or color.

191.    Defendant's decision to discriminate against Plaintiff was based on Plaintiff's race and color.

192.    At all relevant times aforementioned, including the time of discrimination, Defendant were aware that Plaintiff was Black.

193.    At the time of this treatment from employment, Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

194.    The Plaintiff was qualified for the position apart from her apparent race or color

195.    Plaintiff was discriminated against by Defendant because she is Black.

196.    Defendant is a sophisticated employer with actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

197.    The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

198.    Defendant, through its practices and policies as an employer,

54

willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her race in violation of the Act with respect to its decision to treat Plaintiff different from other employees.

199. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

200. Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their race. The discrimination on the basis of race constitutes unlawful discrimination.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant TROPICAL REALTY & INVESTMENTS, INC. d/b/a BERKSHIRE HATHAWAY; find that Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. by discriminating against Plaintiff on the basis of race; and order the following relief:

A. Grant a permanent injunction enjoining Defendant, their officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice

55

which discriminates on the basis of race.

B. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

C.  Reinstate full fringe benefits and seniority rights to Plaintiff.

D. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from employment termination due to her race.

E. For a money judgment representing prejudgment interest.

F. Award any other compensation allowed by law including punitive damages, attorney's fees and further demands a trial by jury on all issues so triable.

COUNT XVI

Race Discrimination in Violation of Title VII of the Civil Rights Act of 1964
against CAPSTONE TROPICAL HOLDINGS, INC.

201.  Plaintiff reincorporates paragraphs 1 through 63 and states:

202.  At all times material hereto, the Employer/Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to:  (1) fail or refuse to hire or to discharge any individual, or

otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify her employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect her status as an employee, because of such individual's race, color, religion, sex, or national origin."

203. The discrimination of Plaintiff by Defendant were caused by Defendant being aware of Plaintiff's race or color.

204. Defendant's decision to discriminate against Plaintiff was based on Plaintiff's race and color.

205. At all relevant times aforementioned, including the time of discrimination, Defendant were aware that Plaintiff was Black.

206. At the time of this treatment from employment, Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

207. The Plaintiff was qualified for the position apart from her apparent race or color

208. Plaintiff was discriminated against by Defendant because she is

Black.

209.   Defendant is a sophisticated employer with actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

210.   The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

211.   Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her race in violation of the Act with respect to its decision to treat Plaintiff different from other employees.

212.   As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

213.   Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their race. The discrimination on the basis of race constitutes unlawful discrimination.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant CAPSTONE TROPICAL HOLDINGS,

INC.; find that Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. by discriminating against Plaintiff on the basis of race; and order the following relief:

G. Grant a permanent injunction enjoining Defendant, their officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race.

H. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

I.  Reinstate full fringe benefits and seniority rights to Plaintiff.

J. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from employment termination due to her race.

K. For a money judgment representing prejudgment interest.

L. Award any other compensation allowed by law including punitive damages, attorney's fees and further demands a trial by jury on all issues so triable.

COUNT XVII

Color Discrimination in Violation of Title VII of the Civil Rights Act of 1964

against TROPICAL REALTY & INVESTMENTS, INC. d/b/a
BERKSHIRE HATHAWAY

214.   Plaintiff reincorporates paragraphs 1 through 63 and states:

215.   At all times material hereto, the Employer/Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to:  (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify her employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect her status as an employee, because of such individual's race, color, religion, sex, or national origin."

216.   The discrimination of Plaintiff by Defendant were caused by Defendant being aware of Plaintiff's color.

217.   Defendant's decision to discriminate against Plaintiff was based on Plaintiff's color.

218.   At all relevant times aforementioned, including the time of discrimination, Defendant were aware that Plaintiff is dark-skinned.

219. At the time of this treatment from employment, Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

220. The Plaintiff was qualified for the position apart from her apparent skin color

221. Plaintiff was discriminated against by Defendant because of her dark skin color.

222. Defendant is a sophisticated employer with actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

223. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

224. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her skin color in violation of the Act with respect to its decision to treat Plaintiff different from other employees.

225. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

226.  Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their skin color. The discrimination on the basis of color constitutes unlawful discrimination.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant TROPICAL REALTY & INVESTMENTS, INC. d/b/a BERKSHIRE HATHAWAY; find that Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. by discriminating against Plaintiff on the basis of color; and order the following relief:

M. Grant a permanent injunction enjoining Defendant, their officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of color.

N. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

O.  Reinstate full fringe benefits and seniority rights to Plaintiff.

P. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain,

anguish, pain and humiliation from employment termination due to her skin color.

Q. For a money judgment representing prejudgment interest.

R. Award any other compensation allowed by law including punitive damages, attorney's fees and further demands a trial by jury on all issues so triable.

## COUNT XVIII
### Color Discrimination in Violation of Title VII of the Civil Rights Act of 1964 against CAPSTONE TROPICAL HOLDINGS, INC.

227. Plaintiff reincorporates paragraphs 1 through 63 and states:

228. At all times material hereto, the Employer/Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify her employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect her status as an employee, because of such individual's race, color,

63

religion, sex, or national origin."

229. The discrimination of Plaintiff by Defendant were caused by Defendant being aware of Plaintiff's color.

230. Defendant's decision to discriminate against Plaintiff was based on Plaintiff's color.

231. At all relevant times aforementioned, including the time of discrimination, Defendant were aware that Plaintiff is dark-skinned.

232. At the time of this treatment from employment, Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

233. The Plaintiff was qualified for the position apart from her apparent skin color

234. Plaintiff was discriminated against by Defendant because of her dark skin color.

235. Defendant is a sophisticated employer with actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

236. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

237. Defendant, through its practices and policies as an employer,

willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her skin color in violation of the Act with respect to its decision to treat Plaintiff different from other employees.

238.  As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

239.  Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their skin color. The discrimination on the basis of color constitutes unlawful discrimination.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant CAPSTONE TROPICAL HOLDINGS, INC.; find that Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. by discriminating against Plaintiff on the basis of color; and order the following relief:

S.  Grant a permanent injunction enjoining Defendant, their officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of color.

T. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

U.  Reinstate full fringe benefits and seniority rights to Plaintiff.

V. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from employment termination due to her skin color.

W. For a money judgment representing prejudgment interest.

X. Award any other compensation allowed by law including punitive damages, attorney's fees and further demands a trial by jury on all issues so triable.

COUNT XIX
Retaliation in Violation of Title VII of the Civil Rights Act of 1964
against TROPICAL REALTY & INVESTMENTS, INC. d/b/a BERKSHIRE HATHAWAY

240.  Plaintiff reincorporates paragraphs 1 through 63 as if fully set forth herein.

241.  Defendant is an employer within the meaning of the applicable statutes.

242.  The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices

adversely affecting her under Title VII, 42 U.S.C § 2000e et seq., Chapter 760, Florida Statutes.

243. Defendant's actions were intentional.

244. Plaintiff voiced opposition to unlawful employment practices during her employment with Defendant and she was the victim of retaliation, thereafter, as related in part above.

245. Plaintiff engaged in statutorily protected activity by repeatedly reporting and opposing Defendant's unlawful employment practices, including the lack of training, support, and disparate treatment compared to similarly situated non-Black employees. Defendant then took adverse employment actions against Plaintiff, including continued denial of necessary resources and ultimately termination. There is a direct causal connection between Plaintiff's protected activity and the adverse employment action taken against her.

246. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

247. These damages are continuing and are permanent.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant TROPICAL REALTY & INVESTMENTS, INC. d/b/a BERKSHIRE HATHAWAY; find that Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. by retaliating against Plaintiff for engaging in protected activity; and order the following relief:

A. Declare that the acts complained of herein are in violation of Title VII of Civil Right Act of 1964.

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

C. Grant a permanent injunction enjoining the Defendant, their officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race and color.

D. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

E. Reinstate full fringe benefits and seniority rights to Plaintiff.

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

G. For a money judgment representing prejudgment interest.

H. Award any other compensation allowed by law including punitive damages and attorney's fees.

I. Grant Plaintiff's costs of this action including reasonable attorney's fees.

J. Grant Plaintiff a trial by jury.

K. Grant such other and further relief as the Court deems just and proper.

COUNT XX

Retaliation in Violation of Title VII of the Civil Rights Act of 1964
against CAPSTONE TROPICAL HOLDINGS, INC.

248. Plaintiff reincorporates paragraphs 1 through 63 as if fully set forth herein.

249. Defendant is an employer within the meaning of the applicable statutes.

250. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting her under Title VII, 42 U.S.C § 2000e et seq., Chapter 760, Florida Statutes.

251. Defendant's actions were intentional.

252. Plaintiff voiced opposition to unlawful employment practices during her employment with Defendant and she was the victim of retaliation, thereafter, as related in part above.

253. Plaintiff engaged in statutorily protected activity by repeatedly reporting and opposing Defendant's unlawful employment practices, including the lack of training, support, and disparate treatment compared to similarly situated non-Black employees. Defendant then took adverse employment actions against Plaintiff, including continued denial of necessary resources and ultimately termination. There is a direct causal connection between Plaintiff's protected activity and the adverse employment action taken against her.

254. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

255. These damages are continuing and are permanent.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant CAPSTONE TROPICAL HOLDINGS, INC.; find that Defendant violated Title VII of the Civil Rights Act of

1964, 42 U.S.C. § 2000e et seq. by retaliating against Plaintiff for engaging in protected activity; and order the following relief:

A. Declare that the acts complained of herein are in violation of Title VII of Civil Right Act of 1964.

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

C. Grant a permanent injunction enjoining the Defendant, their officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race and color.

D. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

E. Reinstate full fringe benefits and seniority rights to Plaintiff.

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

G. For a money judgment representing prejudgment interest.

H. Award any other compensation allowed by law including punitive damages and attorney's fees.

71

I. Grant Plaintiff's costs of this action including reasonable attorney's fees.

J. Grant Plaintiff a trial by jury.

K. Grant such other and further relief as the Court deems just and proper.

## COUNT XXI
Hostile Work Environment in Violation of Title VII of the Civil Rights Act of 1964 against TROPICAL REALTY & INVESTMENTS, INC. d/b/a BERKSHIRE HATHAWAY

256. Plaintiff reincorporates paragraphs 1 through 63 as if fully set forth herein.

257. Defendant is an employer within the meaning of the applicable statutes.

258. The foregoing allegations establish a cause of action for a hostile work environment adversely affecting Plaintiff under the Florida Civil Rights Act.

259. Plaintiff, as a Black individual, is within a protected class as envisioned by the Florida Civil Rights Act.

260. The discriminatory and hostile treatment Plaintiff endured was severe and pervasive, as Plaintiff was consistently denied training, support, and resources necessary to perform her role, while being held to performance standards she was not equipped to meet. This conduct

72

occurred throughout Plaintiff's tenure as Market President, was ongoing and not isolated, and created a work environment in which Plaintiff was set up to fail. As a result of this treatment, Plaintiff experienced significant stress and difficulty performing her duties in a timely and effective manner. Ultimately, the conditions of Plaintiff's employment were materially altered and culminated in Plaintiff's termination on or about March 27, 2025.

261. Defendant is liable for this conduct, either vicariously or directly, because Defendant had knowledge of the harassment and abuse, and no remedial or disciplinary action was undertaken.

262. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

263. These damages are continuing and are permanent.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant TROPICAL REALTY & INVESTMENTS, INC. d/b/a BERKSHIRE HATHAWAY; find that Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. by

73

subjecting Plaintiff to a hostile work environment; and order the following relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act.

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

C. Grant a permanent injunction enjoining the Defendant, their officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

E. Reinstate full fringe benefits and seniority rights to Plaintiff.

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

G. For a money judgment representing prejudgment interest.

H. Grant Plaintiff's costs of this action, including reasonable attorney's fees.

I.   Grant Plaintiff a trial by jury; and Grant such other and further relief as the Court deems just and proper.


COUNT XXII

Hostile Work Environment in Violation of Title VII of the Civil Rights Act of 1964 against CAPSTONE TROPICAL HOLDINGS, INC.

264.   Plaintiff reincorporates paragraphs 1 through 63 as if fully set forth herein.

265.   Defendant is an employer within the meaning of the applicable statutes.

266.   The foregoing allegations establish a cause of action for a hostile work environment adversely affecting Plaintiff under the Florida Civil Rights Act.

267.   Plaintiff, as a Black individual, is within a protected class as envisioned by the Florida Civil Rights Act.

268.   The discriminatory and hostile treatment Plaintiff endured was severe and pervasive, as Plaintiff was consistently denied training, support, and resources necessary to perform her role, while being held to performance standards she was not equipped to meet. This conduct occurred throughout Plaintiff's tenure as Market President, was ongoing and not isolated, and created a work environment in which

Plaintiff was set up to fail. As a result of this treatment, Plaintiff experienced significant stress and difficulty performing her duties in a timely and effective manner. Ultimately, the conditions of Plaintiff's employment were materially altered and culminated in Plaintiff's termination on or about March 27, 2025.

269. Defendant is liable for this conduct, either vicariously or directly, because Defendant had knowledge of the harassment and abuse, and no remedial or disciplinary action was undertaken.

270. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

271. These damages are continuing and are permanent.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant CAPSTONE TROPICAL HOLDINGS, INC.; find that Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. by subjecting Plaintiff to a hostile work environment; and order the following relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act.

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation.

C. Grant a permanent injunction enjoining the Defendant, their officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates.

D. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

E. Reinstate full fringe benefits and seniority rights to Plaintiff.

F. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest.

G. For a money judgment representing prejudgment interest.

H. Grant Plaintiff's costs of this action, including reasonable attorney's fees.

I. Grant Plaintiff a trial by jury; and Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.


     Dated: <u>April 13, 2026</u>            Respectfully submitted,

<u>*/s/Peter M. Hoogerwoerd*</u>
**Peter M. Hoogerwoerd, Esq.**
Fla. Bar No.: 0188239
pmh@rgph.law
**REMER, GEORGES-PIERRE, &**
**HOOGERWOERD PLLC**
2745 Ponce de Leon Blvd
Coral Gables, FL 33134
(305) 416-5000- Telephone